**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Rachel E. J.,  )  <br>  )  <br>      Plaintiff,    )  <br>  )  <br>      v.    )  <br>  )  <br>Frank Bisignano,  )  <br>Commissioner of Social Security,  )  <br>  )  <br>      Defendant.    )  | Case No.: 23-cv-50413  <br><br>Magistrate Judge Margaret J. Schneider |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Rachel E. J., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, Plaintiff's motion to reverse and remand the Commissioner's decision [11] is denied and the Commissioner's motion for summary judgment [14] is granted.

**BACKGROUND**

**A.**    **Procedural History**

On June 22, 2021, Rachel E. J. ("Plaintiff") protectively filed an application for disability and disability insurance benefits. R. 18. This application alleged a disability beginning on December 25, 2020. *Id.* The Social Security Administration ("Commissioner") denied her application on January 18, 2022, and upon reconsideration on May 24, 2022. *Id*. Plaintiff filed a written request for a hearing on June 2, 20022. *Id*. On October 25, 2022, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lee Lewin where Rachel E. J. appeared and testified. Plaintiff was represented by counsel. *Id.* At the hearing, an impartial vocational expert, Erin M. Welsh, also testified. *Id*.

On January 11, 2023, the ALJ issued her written opinion denying Plaintiff's claims for disability insurance benefits. R. 18-27. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-7. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [5]. Now before the Court are Plaintiff's brief in support of her motion to reverse and remand the Commissioner's decision [11], the Commissioner's motion for summary judgment, and response to Plaintiff's brief [14], and Plaintiff's reply brief [15].

### B. The ALJ's Decision

In her ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 25, 2020. R. 20. At step two, the ALJ found that Plaintiff had the following severe impairments: alcohol abuse in remission; peripheral neuropathy; neuritis; degenerative disc disease of the cervical and lumbar spine; and anterior mass of the cervical spine. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 22.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work, except that she can occasionally climb ladders, ropes, scaffolds, ramps, or stairs. She can occasionally stoop, kneel, crouch, crawl and balance. Plaintiff can frequently feel, handle and finger bilaterally with the hands, and must avoid concentrated exposure to hazards such as dangerous moving machinery and unprotected heights. R. 22-26. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 26. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including merchandise marker, cashier II, and cafeteria attendant. R 26-27. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from December 25, 2020, through the date of decision, January 11, 2023. R. 27.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); see also *Warnell*, 97 F.4th at 1054; *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("While we have never required an ALJ to address every piece of evidence or testimony in the record, the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits.").

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation

omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues the ALJ: (1) improperly dismissed a treating source statement and failed to provide support for rejecting the opinion; (2) failed to assess how all of Plaintiff's impairments, including her non-severe mental impairments, would affect her ability to sustain on-task and attendance requirements; and (3) failed to properly consider Plaintiff's subjective symptoms. The Court concludes that the ALJ's findings were well-supported by substantial evidence and, therefore, denies Plaintiff's motion to reverse and remand the Commissioner's decision.

### A. Treating source statement

First, Plaintiff argues that the ALJ improperly dismissed the treating source statement of physical therapist Michael Sarno, and family doctor Juan Hernandez, M.D., and failed to provide adequate support for rejecting the opinion. The document in question is the Physical Residual Functional Capacity Questionnaire signed by Mr. Sarno on October 28, 2022. R. 1034-38. On the final page of the questionnaire, below Mr. Sarno's signature, is the name "Dr. Juan Hernandez" (in what appears to the be the same handwriting as Mr. Sarno), with what may be a signature above a line. R. 1038.

Preceding the questionnaire is a typewritten letter to Dr. Hernandez, drawing his attention to the "attached forms," signed by physical therapist Michael Sarno. R. 1034.[1] The ALJ concluded that the findings of Mr. Sarno were given no persuasive value because a physical therapist is not an acceptable medical source. *See* 20 C.F.R. § 404.1502(a) (defining an "acceptable medical source," which does not include physical therapist). Apparently, the ALJ gave no consideration to Dr. Hernandez's signature on the last page of the questionnaire, finding the treating source statement to have been authored solely by Mr. Sarno. Plaintiff argues it was error for the ALJ to dismiss Mr. Sarto's statement as presented solely by a non-acceptable medical source. However, even if the ALJ's finding was in error, the error was harmless as the ALJ did not rely solely on the statement having no value due to it being authored by a non-acceptable medical source.[2] The ALJ evaluated the statement as a medical opinion, considering its supportability and consistency.

An ALJ is required to consider the persuasiveness of medical opinions based on several listed factors, including supportability, consistency, the relationship of the treater with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or

---
[1] In her decision, the ALJ refers to Michael Sarno as "Dr. Michael Sarno." The Court will use the personal title "Mr."

[2] 20 C.F.R. 404.1527(f)(1-2) provides that opinions from medical sources that are not acceptable medical sources must nevertheless be considered. "The adjudicator should explain the weight given to opinions from [nonmedical sources] or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 404.1527(f)(2).

3

prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Of those factors, supportability and consistency are the two most important for the ALJ to consider. 20 C.F.R. § 404.1520c(a).

The ALJ noted that Mr. Sarno's statements were "markedly inconsistent with the objective records." R. 25. First, the ALJ notes that Mr. Sarton found that Plaintiff's experience of pain would constantly interfere with her ability to participate in a workday. However, this was found to be inconsistent with records from routine examinations which found Plaintiff in no acute distress and managing pain level with medication. R. 24. Second, Mr. Sarto's findings that Plaintiff could sit for 4 hours in an 8-hour workday and stand or walk for less than 2 hours were found by the ALJ to be inconsistent with records which showed full strength and range of motion, and gross motor function in all extremities. Also, despite Plaintiff's mild lumbar degenerative disc disease, Plaintiff showed no radicular signs nor presented with any acute tenderness, stiffness, or loss of range of motion in her back. *Id*. As to Mr. Sarto's restriction that Plaintiff be limited to never lifting more than 10 pounds, the ALJ stated that her physical findings were consistently normal. Also, the ALJ found that the use of any assisted walking device (e.g. rollator walker) was not supported by the medical record. R. 25. The ALJ concluded that Mr. Sarto "provide[d] no clear support, summary, or explanation for his dramatic findings nor [did] he identify objective records that would support such positions." *Id*.

Plaintiff argues that there was overwhelming evidence to support the opinion of Mr. Sarto, which would require work-preclusive limitations. She argues the ALJ failed to consider how the treating source statement considered Plaintiff's mental impairments combined with her physical impairments resulting in fatigue and pain such that she would be precluded from working. However, the ALJ, while noting Plaintiff's limitations, found that the record failed to support Plaintiff's position. First, as noted above, the objective medical record does not support the "dramatic findings" in Mr. Sarto's statement. Second, the only opining mental health sources found no severe impairments or limitations on Plaintiff's ability to work. Next, Plaintiff sets forth evidence that she claims supports her position that her ongoing pain and other symptoms were severe enough to interfere with any ability to perform simple work tasks. She further argues that the ALJ failed to discuss any of this and, therefore, her rejection of the treating source statement was unsupported by substantial evidence. However, as discussed above, Plaintiff cannot cite any mental health opinion that agrees that she is subject to such limitations. Additionally, Plaintiff dedicates a portion of her argument to a recitation of her subjective pain and limitations, not findings from medical sources. Here, the ALJ found that her reported limitations were not supported by the record evidence. It is not for this Court to "reweigh the evidence" or "substitute its judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). "If substantial evidence supports the ALJ's conclusions, the court must affirm the ALJ's decision even if reasonable minds could differ about the ultimate disability finding." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024). The Court finds the ALJ's analysis of the treating source statement supported by substantial evidence.

### B. ALJ's assessment of all of Plaintiff's impairments

Second, Plaintiff argues that after finding Plaintiff's mental impairment non-severe, the ALJ failed to assess how the combination of all of Plaintiff's impairments would affect her ability to be on-task and maintain attendance of full-time work for purposes of crafting the RFC.

4

The Court notes that "[a]n impairment or combinations of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activity." 20 C.F.R. § 404.1522(a). The ALJ found that Plaintiff's medically determinable mental impairments of depression and anxiety, considered singly and in combination, did not cause more than minimal limitation in her ability to perform basic work activities and, therefore, would be considered non-severe. R. 21. In her decision, the ALJ notes that she came to this conclusion after considering the four areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listings of Impairments at 20 C.F.R. Part 404, Subpart P., Appendix 1. The ALJ found that Plaintiff's mental impairments were mild. R. 21-22. The decision noted that Plaintiff managed her symptoms with routine medication and did not participate in any formal mental or behavioral health treatment. She typically presented with euthymic mood and affect and denied any thought abnormalities. R. 21. She demonstrated intact abilities for memory, attention, concentration, and cognition. She interacted well with treatment providers and staff and there were no indications of negative or hostile interactions. *Id*. There was no record of mood swings or lability. She was cooperative and engaged with treatment. The ALJ noted that Plaintiff managed her routine activities of daily living with only physical limitations. She further managed medication and treatment schedules, would prepare simple meals and manage her personal finances. She could use technology – including a smart phone and had no difficult with attention and concentration and could pay attention for as long as needed. She also was able to follow written and spoken instruction well. *Id*.

Further, the ALJ found the statements and opinions of state agency consultants Dr. Alvin Smith, PhD and Dr. David Voss PhD persuasive. R. 21. They concluded that Plaintiff would have no more than a mild limitation in any functional area, presenting with normal mental status with no clear indication of deficits. *Id*. The ALJ noted these findings as persuasive because they were supported by the medical records, including Plaintiff's responses on a function report, and consistent with Plaintiff's lack of formal mental health treatment and an ability to manage her mental symptoms with medication. *Id*. The ALJ decision also indicated that Plaintiff testified at the hearing that she did not feel that her depression or anxiety would limit her ability to work or perform basic work activities. R. 21-22.

Based on the ALJ's review of the medical record and statements of the state agency consultants, the Court finds her conclusion that Plaintiff's mental limitations were non-severe supported. Here, the ALJ properly took into account that (1) the only opining mental health consultants found no more than a mild limitation in any functional mental health area; (2) Plaintiff reported an ability to manage her mental health symptoms with medication; (3) Plaintiff did not participate in any formal mental health treatment; (4) Plaintiff presented to her medical providers without any indication of severe mental limitations; and (5) and Plaintiff was able to manage her routine and activities of daily living without mental limitations.

The ALJ relied on this evidence in assessing Plaintiff's mental impairments and crafting an RFC. The ALJ is obligated to consider "all of [the claimant's] determinable impairments of which [the ALJ] is aware, including [claimant's] medically determinable impairments that are not 'severe,' when [the ALJ] assess[ses] [claimant's] residual functional capacity." 20 C.F.R. § 404.1545(a)(2). Here, the ALJ did just that. The regulations do not require that the ALJ then find

that a non-severe impairment would impose a work restriction. "Plaintiff is…correct that the ALJ was required at the RFC stage to consider limitations imposed by all of an individual's non-severe impairments. 20 C.F.R. § 404.1545(a)(2)-(3). But the ALJ was required to *consider* those limitations, not necessarily to include them in his finding of plaintiff's RFC. By discussing the evidence, including as it related to [plaintiff's] mental health history, and concluding that his limitations were not as severe as [plaintiff] described, the ALJ considered the limitations but found that they did not rise to the level of a functional limitation in the RFC assessment." *Rick M. v. Saul*, No. 20 CV 4369, 2021 WL 2588762, at * 5 (N.D. Ill. June 24, 2021) (emphasis in original). The ALJ provided an evaluation of Plaintiff's severe and non-severe impairments, including a review of the objective medical evidence and Plaintiff's credibility, at step 2. The Court can rely on this review when considering the ALJ's RFC. "We do not discount [a review of the evidence] simply because it appears elsewhere in the decision. To require the ALJ to repeat such a discussion throughout h[er] decision would be redundant." *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015). *See also Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004) ("it is proper to read the ALJ's decision as a whole…"). The Court concludes that the ALJ properly considered Plaintiff's non-severe mental health impairments, and the RFC is supported by substantial evidence.

### C. Subjective symptom analysis

Finally, Plaintiff argues that the ALJ failed to conduct a proper analysis of Plaintiff's subjective symptoms. Specifically, Plaintiff argues the ALJ failed to build a logical bridge between the facts and her findings that Plaintiff could engage in light work, and that the ALJ "cherry picked" pieces of evidence that supported a conclusion of no disability.

When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); Social Security Ruling 16-3p, 2017 WL 5180304, at *5–8. "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). An ALJ's assessment is patently wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Not all of the ALJ's reasons must be valid in a subjective symptom analysis, "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (unpublished) (emphasis in original). Here, the ALJ's evaluation of Plaintiff's symptoms was adequately supported with evidence and explanation.

As noted above, the ALJ cited to an adequate amount of medical evidence showing that Plaintiff's subjective symptoms were not entirely consistent with the medical record. For example, the ALJ noted that Plaintiff's routine physical examinations were consistently normal with only periodic findings of abnormal sensation in hands and feet, full strength, normal gait, normal gross motor function, use of appropriate and effective medication regimen, and no suggestion of nerve-root abnormality. R. 23-24. Plaintiff ambulated independently and without the need of an assisted device, had full motor strength and normal gross motor function. R. 24. These examination results remained consistent throughout 2021 and 2022. *Id*. The ALJ also relied on the medical opinions of Drs. Watkins and Reddy who found that, with her limitations, Plaintiff could perform light work, R. 25-26, as well as the opinions of Drs. Smith and Voss who found that Plaintiff had no

6

more than a mild limitation in any mental functional area. R. 21-22. The ALJ provided more than an adequate assessment of Plaintiff's subjective symptoms, including a review of Plaintiff's presentation at medical provider appointments as well as her hearing testimony. Evaluating the opinion as a whole, the Court finds that the ALJ considered Plaintiff's subjective symptoms in the context of the objective medical record and did not impermissibly "cherry pick" evidence or fail to build a logical bridge between the evidence and the findings. "[The court's] review proceeds with a light touch – not holding ALJs to an overly demanding evidentiary standard and in turn reinforcing that claimants bear the affirmative burden of proving their disability." *Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025).

Following this detailed medical review, the ALJ found that Plaintiff's subjective symptoms regarding the intensity, persistence, and limiting effects of her symptoms were not fully consistent with the medical evidence of record. Based on the ALJ's review of Plaintiff's activities of daily living, as well as medical records showing general improvements with treatment and medication, the Court finds that the ALJ's subjective evaluation fully explained and supported.

Here, the ALJ properly discounted the nonmedical source statement, properly assessed Plaintiff's severe and non-severe impairments in the RFC and adequately considered Plaintiff's subjective symptoms. The Court find that the ALJ's conclusions and findings are supported by substantial evidence in the record.

## CONCLUSION

For these reasons, Plaintiff's motion to reverse and remand the Commissioner's decision [11] is denied and the Commissioner's motion for summary judgment [14] is granted.

Date: July 18, 2025                ENTER:


                                   _____
                                   United States Magistrate Judge